UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

HARLAN EDWARD McINTOSH                                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 1:10CV-P80-M

GENE FERRALL *et al.*                                                 DEFENDANTS

**MEMORANDUM AND ORDER**

      Plaintiff Harlan Edward McIntosh, a pretrial detainee, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Clinton County Jailer Gene Ferrall, Casey County Jailer Tommy Miller, and Casey County Jail physician, Dr. Townson. He sues each Defendant in his individual and official capacity. Plaintiff reports that he is being housed in Casey County Detention Center under contract for the Clinton County Jail and that he is being denied treatment for the hepatitis-C virus (HCV). Plaintiff advises that Defendant Dr. Townson will not order treatment without a jailer's permission and that each Defendant Jailer claims that it is the other's responsibility to provide medical treatment for Plaintiff. He seeks monetary and punitive damages and an injunction ordering treatment for his HCV. Although Plaintiff fails to identify the violation of any specific constitutionally protected or statutorily created right, the Court construes the action as asserting a claim of deliberate indifference to serious medical needs under the Fourteenth Amendment to the United States Constitution.

      When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Upon review, the Court will allow the instant action to proceed. To govern the development of the continuing action, **IT IS ORDERED** as follows:

(1) **The Clerk of Court shall issue summonses and the United States Marshal shall serve a copy of the complaint and summons on each Defendant** in accordance with Rule 4 of the Federal Rules of Civil Procedure. **A copy of the complaint and this Order shall also be served on the Clinton and Casey County Attorneys.**

(2) The answer to the complaint shall be filed no later than **21 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **September 27, 2010**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil

Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

  (5) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

  (6) No later than **October 27, 2010**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

  (7) No later than **November 26, 2010**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

  (8) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **November 26, 2010**.

---

[1] The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(9) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(10) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* L.R. 5.2(d).

(11) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:


cc:    Plaintiff, *pro se*
        Defendants
        Casey County Attorney
        Clinton County Attorney
4414.005